J-S83012-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| TROY H.H. BROWN | : | |
| Appellant | : | No. 3687 EDA 2016 |

Appeal from the PCRA Order November 28, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0006571-2007,
CP-51-CR-0006572-2007, CP-51-CR-0006573-2007,
CP-51-CR-0006574-2007, CP-51-CR-0006575-2007,
CP-51-CR-0006576-2007, CP-51-CR-0006577-2007,
CP-51-CR-0006585-2007

BEFORE:  GANTMAN, P.J., OLSON, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:                    **FILED APRIL 02, 2018**

Appellant, Troy H.H. Brown, appeals *pro se* from the November 28, 2016 Order entered in the Philadelphia County Court of Common Pleas dismissing his Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On December 6, 2007, a jury convicted Appellant of 10 counts of Robbery by Threat of Immediate Serious Bodily Injury, one count of Robbery by Threat of Immediate Bodily Injury, and seven counts of Possessing an Instrument of Crime.[1]  On February 8, 2008, the trial court sentenced

_____

[1] 18 Pa.C.S. § 3701(a)(1)(ii); 18 Pa.C.S. § 3701(a)(1)(iv); 18 Pa.C.S. § 907, respectively.

Appellant to forty-five to ninety years' imprisonment. This Court affirmed Appellant's Judgment of Sentence on September 2, 2009. ***Commonwealth v. Brown***, 820 EDA 2008 (Pa. Super. filed Sept. 2, 2009) (unpublished memorandum).

On April 6, 2010, Appellant filed a PCRA Petition, seeking permission to file a Petition for Allowance of Appeal *Nunc Pro Tunc* to the Pennsylvania Supreme Court. The court granted the PCRA Petition, and Appellant timely filed a Petition for Allowance of Appeal. The Pennsylvania Supreme Court denied the Petition on November 28, 2012. ***Commonwealth v. Brown***, 57 A.3d 66 (Pa. 2012). Appellant's judgment of Sentence became final on February 26, 2013.[2]

On December 4, 2013, *pro se* Appellant filed the instant PCRA Petition.[3] The PCRA court appointed counsel. On August 21, 2016, counsel

---

[2] ***See*** 42 Pa.C.S. § 9545(b)(3) (providing "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"); ***See*** U.S.Sup.Ct.R. 13 (allowing 90 days to file Petition for Writ of *Certiorari*).

[3] We note that "when a PCRA petitioner's direct appeal rights are reinstated *nunc pro tunc* in his first PCRA petition, a subsequent PCRA petition will be considered a first PCRA petition for timeliness purposes." ***Commonwealth v. Turner***, 73 A.3d 1283, 1286 (Pa. Super. 2013). Appellant had until February 26, 2014, to file his PCRA Petition. ***See*** 42 Pa.C.S.A. § 9545(b) (providing PCRA Petition must be filed within one year of date judgment becomes final). Therefore, because he filed his PCRA Petition on December 4, 2013, his Petition is timely.

filed a ***Finley***[4] no–merit letter.  On October 11, 2016, the PCRA court filed a

Notice of Intent to Dismiss pursuant to Pa.R.Crim.P. 907.  Appellant did not

file a response to the Rule 907 Notice.  On November 28, 2016, the court

dismissed the PCRA Petition and permitted counsel to withdraw.

Appellant filed a *pro se* Notice of Appeal.[5]  Both Appellant and the

PCRA court complied with Pa.R.A.P. 1925(b).

Appellant raises the following issues on appeal:

> 1. Petitioner discovered newly evidence, why his first initial P.C.R.A. Petition was still pending.  A new rule of law, came down by the state Supreme Court issued a landmark ruling lifting a ban on state prisoners are now aloud seek help from experts in memory vision and perception and/or psychology testify about how memory may be fallible and even become distort.  That ruling in Commonwealth v. Walker, 92 A.3d 766 (Pa. 2014).

> 2. Also petitioner is requesting a remand by Superior Court, send this petition back to the trial judge because court appointed Mr Stephen T.O. 'Hanlon, Esquire, filed a defect NO-MERIT letter brief with out making any legal arguments on trial counsel ineffectiveness at trial.  So he violated Commonwealth v. Finely.  Also P.C.R.A. Judge Mr Leeon W. Turker, should of never denied petitioner right to counsel or evidentiary hearing, he committed reverible error violated due process, because counsel never mention

---

[4] ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988).

[5] We note that Appellant filed his *pro se* Notice of Appeal on November 22, 2016, prior to the PCRA court entering the order dismissing the PCRA Petition.  "A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof."  Pa.R.A.P. 905(a)(5).

any case'e law or show any claim that did not have arguable merit.

3. Trial counsel ineffective for failure to request a Commonwealth v. Kiolber, charge to the jury because four witnesses failed indentified petitioner in un-counsel photo array, pluse some witnesses said the it was also poor lighting as well.

4. Trial counsel was ineffectiveness of assistance, for not requesting a motion to suppress illegal identification evidence. Also trial counsel ineffectiveness failing raise and request a motion in limine to proscribe the 6 to 8 eye witnesses from making in-court identification without proving independent source.

5. Petition trial counsel was ineffective for failing to request that 6 of 8 of the commonwealth witnesses in-court testimony be stricken from the record and should not be allow to testified. Because they view a police photo array of accuse without trial counsel presence or notification violated due process under United States v.Wade, supra.because the accuse was already charge and held in costudy, so a right to counseldid attach.

Appellant's Brief at 3a (unpaginated) (reproduced verbatim).

We review the dismissal of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its Order is free of legal error. **Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa. Super. 2012). However, before addressing the merits of Appellant's argument, we must determine whether Appellant preserved the issues raised in his brief for review. This Court can raise the issue of waiver pursuant to Pa.R.A.P. 1925(b) *sua sponte*. **Commonwealth v. Hill**, 16 A.3d 484, 494 (Pa. 2011).

Our Supreme Court has held that "[a]ny issues not raised in a [Rule] 1925(b) statement will be deemed waived." *Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005) (quoting *Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1988)). An appellant's Rule 1925(b) Statement "shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge." Pa.R.A.P. 1925(b)(4)(ii). Furthermore, "the Rule's provisions are not subject to *ad hoc* exceptions or selective enforcement[.]" *Hill*, 16 A.3d at 494. *See also Wilkins v. Marsico*, 903 A.2d 1281, 1284–85 (Pa. Super. 2006) ("Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant.").

Appellant raised only the following issue in his Rule 1925(b) statement: "Ineffective assistance of post-conviction counsel for failure to petition the court for an expert to produce testimony at a *Frye* hearing on memory recall under the general acceptance test."[6] Pa.R.A.P. 1925(b) Statement, dated 1/6/17. Appellant did not assert any of the five issues now raised on appeal in his Rule 1925(b) Statement.

---

[6] We note that Appellant did not raise this issue on appeal. Furthermore, the sole issue raised in Appellant's Rule 1925(b) statement, *viz.*, PCRA counsel's ineffectiveness, "may not be raised for the first time on appeal." *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*).

Because Appellant did not raise the five issues asserted here in his Rule 1925(b) Statement, the issues are waived. *See Hill*, 16 A.3d at 494; *Castillo*, 888 A.2d at 780. We, thus, affirm the Order of the PCRA court.

Order affirmed.

President Judge Gantman joins the memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/2/18